The People of the State of New York ex rel. The Westchester Street Railroad Company et al., Respondents, *v.* Public Service Commission for the Second District of the State of New York et al., Appellants.

Corporations — formation of a new corporation to take property of insolvent corporation sold at foreclosure sale not a reorganization of the insolvent company — public service commission — commission not bound by amount bid for property in fixing value thereof on application of new corporation for leave to issue stock — other evidence of value may be considered.

1. The formation of a new corporation by the purchaser on a foreclosure sale of independent parts of the property of an insolvent railway company, and persons associated with him, without having first entered into a plan or agreement in anticipation of the readjustment of the respective interests of the creditors and others interested in the corporation, is not a reorganization of the insolvent company

within the meaning of the Stock Corporation Law (Cons. Laws, ch. 59, §§ 9, 10). Such new corporation is subject to the authority of the public service commission as provided by section 55 of the Public Service Commissions Law (L. 1907, ch. 429).

2. The purchase price of property in the open market is generally entitled to great weight in determining the value of such property, but such purchase price is not conclusive evidence of value, and a determination of such amount does not prevent the public service commission, on an application made by the purchaser of part of the franchises of a railway company for permission to issue stock, from considering other evidence bearing upon the value of the property.

3. Where the finding of a commission as to value of such property has been disapproved and its order annulled and set aside by the Appellate Division the proceeding should be remitted to the commission for further action, and either party to the proceeding be allowed to present further testimony relating to the question of value.

*People ex rel. Westchester St. R. R. Co.* v. *Public Service Comm.*, 158 App. Div. 251, modified.

(Argued February 26, 1914; decided March 17, 1914.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 6, 1913, which reversed, annulled and set aside, upon the law and the facts, an order of the defendant Public Service Commission denying, in part, an application of the relator for permission to issue stock, and remitted the proceeding to said commission for its further action and to proceed as indicated in the opinion of the court.

The facts, so far as material, are stated in the opinion.

*Ledyard P. Hale* for appellants. Relator's contention that the sale of the property for $912,023.41, as matter of law established in all courts and places that that is the value of the parcels 1 and 2 of the bankrupt Tarrytown company's property, cannot be sustained. A reasonable consideration of the evidence will satisfy the mind that no such result can be justified, even if it be admitted as a general rule that a thing is worth what it will fetch in

the open market. (*Public Service Comm.* v. *W. S. R. R. Co.*, 206 N. Y. 209; 147 App. Div. 928.)

*William Greenough* and *Charles F. Mathewson* for respondents. The price paid at competitive public sale for the property sought to be capitalized is the best evidence of its value. (*San Diego L. & T. Co.* v. *Jasper*, 189 U. S. 439; *Consolidated Gas Case*, 157 Fed. Rep. 849; *City of New York* v. *Manhattan Ry. Co.*, 192 N. Y. 92; *People ex rel. McNeil* v. *Glynn*, 128 App. Div. 260; *People ex rel. McEachron* v. *Bashford*, 128 App. Div. 351; *Fox* v. *Phelps*, 17 Wend. 393; *Wright* v. *Solomon*, 46 S. W. Rep. 58; *Kountz* v. *Kirkpatrick*, 72 Penn. St. 376; *Matter of McGhee*, 105 Iowa, 9; *Parmenter* v. *Fitzpatrick*, 135 N. Y. 196.)

CHASE, J. No plan or agreement was entered into "at or previous to the sale" of the property and franchises of the Tarrytown, White Plains and Mamaroneck Railway Company by the purchaser thereat, or the persons for whom the purchase was made, for or in anticipation of the readjustment of the respective interests therein of the creditors, mortgagees, stockholders and others as provided by section 10 of the Stock Corporation Law (Cons. Laws, chap. 59). An effort was made to form such a plan or agreement at or previous to the sale, but it failed and was wholly abandoned.

The purchaser of independent parts of the property and franchises of the Tarrytown, White Plains and Mamaroneck Railway Company, and the persons associated with him, have become a corporation in the name of The Westchester Street Railroad Company, and it is assumed that such company has become vested with and entitled to enjoy all the rights, privileges and franchises which at the time of the sale belonged to or were vested in the corporation last owning the property sold or its receiver so far as the same were so purchased; and is subject to all the provisions, duties and liabilities imposed by law on that corporation

to the extent of the parts purchased as aforesaid, pursuant to section 9 of said Stock Corporation Law. The formation of the Westchester Street Railroad Company was not a reorganization of the Tarrytown, White Plains and Mamaroneck Railway Company within section 10 of said Stock Corporation Law as construed by this court in considering the reorganization of the Third Avenue Railroad Company. (*People ex rel. Third Avenue R. Co. v. Public Service Commission,* 203 N. Y. 299.)

The ·Westchester Street Railroad Company is subject to the authority of the public service commission as provided by section 55 of the Public Service Commissions Law (Laws of 1907, chap. 429).

The Appellate Division has expressly disapproved as against the weight of evidence the finding made by the public service commission, which, in substance, is that the value of the parts of the Tarrytown, White Plains and Mamaroneck Railway Company bid off at the foreclosure sale on November 5, 1909, and conveyed to said The Westchester Street Railroad Company by the referee making the sale, does not exceed $400,000. The order of the public service commission authorizing the relator to issue its common capital stock to the amount of $434,000, and denying its application for a larger issue, was also by the Appellate Division reversed, annulled and set aside upon the law and the facts. ·

We are unable to hold as is held in substance by the Appellate Division that The Westchester Street Railroad Company is entitled, as a matter of law, to the approval by the public service commission of an issue of its stock to an amount at least equal to the bid made in its behalf for parts of the property and franchises of the Tarrytown, White Plains and Mamaroneck Railway Company.

The purchase price of property in the open market is generally entitled to great weight in determining the value of such property, but such purchase price is not conclusive evidence of value, and a determination of such

amount does not prevent the consideration of other evidence bearing upon the value of the property purchased.

The finding of the public service commission as to value having been disapproved and its order annulled and set aside, the proceeding should be remitted to it for its further action in view of the findings of the Appellate Division, and either party to the proceeding should, if desired, be allowed to present further testimony to the commission relating to the question of value.

The order of the Appellate Division should be modified by striking therefrom the words " and that said commission be and it hereby is directed to proceed as indicated in the opinion of this (Appellate Division) court," and by adding after the words " copy of this order " the words " and either party to the proceeding may present further testimony relating to the question of value," and as thus modified affirmed, without costs.

WILLARD BARTLETT, Ch. J., WERNER, COLLIN, HOGAN and MILLER, JJ., concur; HISCOCK, J., not sitting.

Ordered accordingly.